UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-156 TS |
| | ) | |
| WILLIAM K. WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

On February 14, 2004, Eric D. Smith, a *pro se* prisoner, was found guilty of committing intimidation in violation of B-213. He was sanctioned with the loss of earned credit time. Mr. Smith attempts to raise three grounds to challenge these findings, but admits that the first two were not presented on direct appeal. (Pet. at ¶ 13.) His third ground is not specific; rather, he merely asks that appointed counsel be able to add additional grounds.

Mr. Smith's Petition is subject to § 2254 Habeas Corpus Rule 4, which states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id*.

At the outset, the Court notes that Mr. Smith is not entitled to relief on his first two grounds challenging the loss of earned credit time because he did not present them to the prison's final reviewing authority. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) ("[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority."). Neither did he present any unraised grounds that he theorizes counsel could interpose on his behalf. Having not done so, these claims are procedurally defaulted.

Mr. Smith may overcome this default only if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Smith argues that he can be excused because he was mentally ill. However, the Seventh Circuit has explicitly held that mental illness cannot constitute cause for default:.

> We have never considered whether mental illness can constitute cause for default. However, *Cawley v. Detella*, 71 F.3d 691 (7th Cir. 1995), is instructive on this question. In *Cawley*, we held that the petitioner's depression did not constitute cause because it failed "to qualify as an external impediment." *Id.* at 696. We are also guided by other circuits that have considered the issue. In *Hull v. Freeman*, 991 F.2d 86 (3d Cir. 1993), the Third Circuit determined that petitioner's borderline mental retardation did not establish cause because it was not "external" to his defense within the meaning of *Murray v. Carrier*, [477 U.S. 478, 488 (1986)]. [*Hull*,] 991 F.2d at 91. The Ninth Circuit, in *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988), held that petitioner's diagnosis as a "borderline mental defective" was insufficient to establish cause. *See also Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992) (finding petitioner's below average intelligence insufficient to establish cause). Furthermore, it is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default. *See, e.g.*, *Dellinger v. Bowen*, 301 F.3d 758, 763 (7th Cir. 2002) (petitioner's youth and lack of education did not constitute cause); *Henderson v. Cohn*, 919 F.2d 1270, 1272-73 (7th Cir. 1990) (petitioner's illiteracy and limited education insufficient to establish cause).
>
> We find the reasoning in these cases persuasive. These cases highlight the emphasis placed on the "external" nature of the impediment. Something that comes from a source within the petitioner is unlikely to qualify as an external impediment. The examples given by the Court in *Murray* as to what constitutes an external impediment exemplify this point. Harris' low IQ and limited reading ability are not factors which are "external" to his defense.

*Harris v. McAdory*, 334 F.3d 665, 670 (7th Cir. 2003).

In addition, Mr. Smith is unable to demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. "In order to show . . . that a miscarriage of justice would result if habeas relief is foreclosed, the petitioner must show that he is actually innocent of the offense for which he was convicted, *i.e.*, that no reasonable juror would have found him guilty of

2

the crime but for the error(s) he attributes to the state court." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Mr. Smith argues that he is innocent because he was mentally ill when he committed the offenses. He states that if the Discipline Hearing Board (DHB) had considered his mental illness, that "there is a reasonable probability of a different outcome." (Pet. at ¶ 12.A.)

This argument is insufficient to rule that no reasonable DHB member would have found him guilty in light of his mental illness. Furthermore, it ignores that "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Once the court finds reliable evidence of guilt, "its inquiry ends—it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989). That is to say, it is not relevant whether additional evidence could have led to a contrary result so long as there is some evidence to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (quotation marks and citation omitted); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.") (quotation marks and citations omitted). Mr. Smith has not demonstrated cause and prejudice or a fundamental miscarriage

3

of justice. Therefore these unexhausted claims are procedurally defaulted and may not be considered by the court.

Finally, Mr. Smith has not challenged the sufficiency of the evidence against him nor raised any of the claims that he brought in his direct appeal. Though he suggests that such claims could be raised by appointed counsel, Mr. Smith has filed more than a dozen habeas corpus cases in this court and is well aware of how to challenge the sufficiency of the evidence presented in a DHB proceeding, as well as any other claim that he exhausted. As the Seventh Circuit has repeatedly recounted, whether an attorney should be recruited to represent a *pro se* litigant is a two-step inquiry: given the difficulty of the case, does the plaintiff appear to be competent to try it himself, and if not, would the presence of counsel make a difference in the outcome? *Johnson v. Doughty*, 433 F.3d 1001, 1007 (7th Cir. 2006). Here, despite his assertion that he was mentally ill in 2004, his recent litigation history in this court demonstrates that he is able to raise claims before this court without the assistance of counsel.

For the foregoing reasons, the petition for a writ of habeas corpus is **DISMISSED** pursuant to §2254 Habeas Corpus Rule 4.

SO ORDERED on April 30, 2007.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION